# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COASTKEEPER, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>PAVEMENT RECYCLING SYSTEMS, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 21-cv-01138-BAS-BLM<br><br>**ORDER GRANTING PARTIES JOINT MOTION TO DISMISS (ECF No. 11)** |

　　　Before the Court is the parties' joint motion to dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). (Mot., ECF No. 11.) Plaintiffs San Diego Coastkeeper and the Coastal Environmental Rights Foundation brought this action against Defendant Pavement Recycling Systems, Inc. on June 21, 2021 pursuant to the citizen suit enforcement provision of the Federal Water Pollution Act ("Clean Water Act"), 33 U.S.C. §§ 1251 *et seq*. (Compl., ECF No. 1.) Plaintiffs alleged that Defendant: (1) owns and operates a facility from which it "discharged and continues to discharge polluted stormwater" in violation of the Clean Water Act and (2) "violated and continues to violate the filing, monitoring, reporting, discharge and management practice requirements, and other procedural and substantive requirements of California's General Permit for Discharges of Storm Water Associated with Industrial Activities, which, in and of itself,

also constitute ongoing and continuous violations of the Clean Water Act.  (*Id.* ¶¶ 7–8.) Defendant answered the Complaint on September 22, 2021, denying the factual allegations and legal claims against it.  (ECF No. 9.)

The parties settled on October 11, 2021, thereby resolving the dispute underlying the Complaint. (Mot. ¶ 2; Settlement Agreement, Ex. 1 to *id.*, ECF No. 11-1.)  In consideration of, and consistent with the terms of the Settlement Agreement, the parties jointly moved to dismiss this action with prejudice.  (*Id.* ¶ 3.)

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the [d]istrict [c]ourt[.]" *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing, *inter alia*, *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *Blue Mountain Constr. Corp. v. Werner*, 270 F.2d 305, 306 (9th Cir. 1959), *cert. denied*, 361 U.S. 931 (1960)).  "A district court should grant a motion for dismissal under Rule 41(a)(2) unless a defendant can show it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (2001) (footnote omitted).  "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  A defendant is not said to suffer "legal prejudice" from:  (1) "[u]ncertainty because a dispute remains unresolved" or the "threat of future litigation"; (2) the inconvenience of having to defend itself in a different forum; or (3) a plaintiff gaining a tactical advantage through dismissal.  *Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145).

//
//
//
//

Because Defendants do not identify, nor does the Court find apparent, any legal prejudice that might result from dismissal of this action with prejudice, the Court **GRANTS** the Motion to dismiss the action with prejudice. (ECF No. 11.) The clerk of court shall close this case.

**IT IS SO ORDERED.**

**DATED: October 14, 2021**

Hon. Cynthia Bashant
United States District Judge